UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT B SHIELDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE, INC.,<br><br>Defendant. | Case No.: 23-CV-925 JLS (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO CIVIL LOCAL RULE 7.1(f)(3)(c)**<br><br>(ECF No. 7) |

Presently before the Court are Defendant Dollar Tree, Inc.'s Motion to Dismiss the Complaint ("Mot.," ECF No.7) and Defendant's Memorandum of Points and Authorities in support thereof ("Mem.," ECF No. 7-1). No opposition to the Motion has been filed. *See generally* Docket. For the reasons that follow, the Court **GRANTS** Defendant's Motion pursuant to Civil Local Rule 7.1(f)(3)(c).

## BACKGROUND

Plaintiff Robert B. Shields initiated this action on May 19, 2023. *See generally* ECF No. 1 ("Compl."). In a nutshell, the Complaint alleges that Defendant has violated federal and state law by selling glucosamine sulfate supplements with mislabeled ingredients. *See generally id.* Claiming to have purchased one of the mislabeled supplements from Defendant, Plaintiff asserts causes of action—on behalf of himself and others similarly situated—for violations of California's Consumer Legal Remedies Act, Unfair

Competition Law, and False Advertising Law. *See id.* at 23–31. The Complaint also includes claims for breach of warranty under the Magnuson Moss Warranty Act, *id.* at 21–22, and for unjust enrichment and restitution, *id.* at 31–32.

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve Defendant on or before August 17, 2023. As Plaintiff had failed to file proof of service by that date, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to timely effect service on August 23, 2023. *See* ECF No. 3. Plaintiff responded by seeking an extension of Plaintiff's deadline to serve, *see* ECF No. 4, which the Court granted, *see* ECF No. 5.

Defendant then filed the instant Motion on September 29, 2023. *See* Mot. In its Motion, Defendant raised several grounds for dismissing the Complaint, including that the Complaint failed to state claims for which relief could be granted, *see generally* Mem.; Plaintiff's claims were preempted by federal law, *id.* at 9–11; and the Complaint failed to satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement, *id.* at 15–17.

The Motion was originally noticed for a hearing on November 8, 2023. *See* Mot. Accordingly, per Civil Local Rule 7.1(e)(2), Plaintiff was required to respond to the Motion on or before October 25, 2023. He failed to do so. *See generally* Docket. Plaintiff's silence has since continued, though the Court noted his noncompliance when the Court took the Motion under submission. *See* ECF No. 11.

## DISCUSSION

The Ninth Circuit has held that, pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond to a motion. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule allows the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

In determining whether to dismiss an action, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating the fourth factor weighs against dismissal). The Court therefore considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff had notice of the Motion yet failed to file a timely opposition. Further, Plaintiff has not provided any excuse for his failure to timely file an opposition. The Court cannot continue waiting for Plaintiff to take action, and a case cannot move forward when the plaintiff fails to defend his case. Further, Plaintiff is represented by an attorney and nonetheless has failed to comply with the rules of procedure. *See Holt v. I.R.S.*, 231 Fed. App'x. 557, 558 (9th Cir. 2007) (holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition).

The third factor, which considers the prejudice to a defendant that results from a plaintiff's inaction, also favors dismissal. *See Malone v. U.S.P.S.*, 833 F.2d 128, 131 (9th Cir. 1987). Under this factor, "the risk of prejudice . . . is related to [Plaintiff's] reason for defaulting in failing to timely" file his opposition. *Yourish*, 191 F.3d at 991. Where, as here, a plaintiff fails to provide any excuse for his conduct or contact the Court regarding said failure, this factor weighs in favor of dismissal. *See, e.g.*, *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009).

As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ the less drastic alternative of giving notice to the Parties that no opposition had been filed. As noted above, the Court filed an Order vacating the hearing on the Motion and taking the matter under submission. *See* ECF No. 11. In that Order, the Court noted that no opposition had been filed. *See id.* Still, Plaintiff filed no opposition. This factor therefore weighs in favor of dismissal as well.

## CONCLUSION

Finding that the *Ghazali* factors weigh in favor of granting the unopposed Motion, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 7) pursuant to Civil Local Rule 7.1(f)(3)(c). Although Defendant requests that the Court dismiss the Complaint with prejudice, Mem. at 21, the Court finds dismissal with prejudice premature. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1). Plaintiff **MAY FILE** an amended complaint curing the deficiencies identified in Defendant's Motion within fourteen (14) days of the date on which this Order is electronically docketed. Should Plaintiff fail to file an amended pleading in accordance with this Order, the Court will enter a final order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: November 16, 2023

Hon. Janis L. Sammartino
United States District Judge