UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT B SHIELDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE, INC.,<br><br>Defendant. | Case No.: 23-CV-925 JLS (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND PLAINTIFF'S TIME TO FILE AMENDED COMPLAINT**<br><br>(ECF No. 13) |
|---|---|

Presently before the Court is Plaintiff Robert B. Shields' Motion to Extend Plaintiff's Time to File Amended Complaint ("Mot.," ECF No. 13). An earlier Order from this Court gave Plaintiff until November 30, 2023, to amend his Complaint. *See* ECF No. 12 (the "Order") at 4. Plaintiff now seeks a sixty-day extension, which would push his deadline to January 29, 2024. Mot. at 2.

Though this case is in its earliest stages, this is not the first time Plaintiff has delayed these proceedings. Plaintiff initiated this action on May 19, 2023. *See* ECF No. 1. The Court issued a summons three days later. *See* ECF No. 2. But Plaintiff failed to serve Defendant within the ninety-day period required by Federal Rule of Civil Procedure 4(m). *See generally* Docket. Plaintiff did not request an extension until this Court ordered him to explain his failure to timely serve Defendant. *See* ECF Nos. 3, 4. The Court granted

Plaintiff's request, *see* ECF No. 5, and—nearly a month later—the case proceeded.

Plaintiff missed further deadlines after Defendant filed its Motion to Dismiss ("Mot. to Dismiss," ECF No. 7). That motion was set to be heard on November 8, 2023. Mot. to Dismiss at 1. So, pursuant to Civil Local Rule 7.1(e), Plaintiff's opposition was due by October 25, 2023. And yet, October 25 came and went without any filings from Plaintiff. *See* Docket. Plaintiff did not respond even after the Court noted—when taking the matter under submission—that the Motion to Dismiss remained unopposed. *See* ECF No. 11. Accordingly, on November 16, 2023, the Court granted Defendant's unopposed Motion to Dismiss pursuant to Local Rule 7.1(f)(3)(c). *See* Order at 4. Despite Plaintiff's failure to prosecute his case, the Court granted Plaintiff two weeks to file an amended complaint. *See id.*

Plaintiff now seeks to delay this case further. Under Federal Rule of Civil Procedure 6(b)(1)(A), a court may grant an extension for good cause where, as here, the request is made before the original due date passes. "Rule 6(b), like all Federal Rules of Civil Procedure, must be 'construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *GPMI Co. v. Michelin Lifestyle Ltd.*, No. CV-21-00299-PHX-GMS, 2022 WL 951073, at *1 (D. Ariz. Mar. 30, 2022) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)). So, "requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* (alteration in original) (quoting *Ahanchian*, 624 F.3d at 1259).

Plaintiff's first attempt to establish good cause is not convincing. Plaintiff, who is represented by counsel, states that he "didn't realize that [he] should respond to Defendant's [Motion to Dismiss] within 14 days." Mot. at 1. While there is no rigid rule for determining the presence of good cause or excusable neglect, "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered." *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004). Ignorance of a local rule is thus generally not

an excuse for failing to meet a deadline.  *See, e.g.*, *Eisenberg v. Citibank N.A.*, No. 213CV01814CASJPRX, 2017 WL 532936, at *2 (C.D. Cal. Feb. 8, 2017) ("Where the deadline for a filing is unambiguous, an attorney's neglect is typically inexcusable."), *aff'd*, 787 F. App'x 929 (9th Cir. 2019).

Plaintiff also contends that an extension is needed because he is seeking new counsel; however, that is an issue he could have raised much earlier.  *See* Mot. at 2.  Plaintiff claims he previously communicated with Defendant about continuing the Motion to Dismiss hearing, given Plaintiff's wish to employ new counsel.  *See id.*  Interestingly, said communication occurred on November 1, 2023, which was (1) the same day the Court vacated the hearing and pointed out that Plaintiff had failed to oppose the Motion to Dismiss, ECF No. 11; (2) fifteen days before the Court granted the Motion to Dismiss, *see* ECF No. 12; and (3) a full twenty-six days before Plaintiff filed his present request, *see* Mot.  Plaintiff makes no effort to explain why he waited nearly a month to move for an extension.  *See generally id.*

Though Plaintiff's actions (and inaction) test the Court's patience, the Court will nevertheless grant Plaintiff additional time to amend his complaint.  The need to find new counsel—and allow said counsel time to prepare—can constitute good cause to extend case deadlines.  *See* Burnett v. Duna USA Inc., No. CV223288FMOMRWX, 2023 WL 6781483, at *2 (C.D. Cal. Sept. 5, 2023).  The Court sees no evidence to suggest that Plaintiff's Motion is made in bad faith, nor has Defendant filed any opposition to Plaintiff's request.[1]  However, the Court must also consider potential prejudice to Defendant.  *See GPMI Co.*, 2022 WL 951073, at *1.  Given the prejudice a lengthy delay

---

[1] Indeed, it is possible Defendant intended to jointly submit the present Motion.  The Motion is simply titled "Motion to Extend Plaintiff's Time to File Amended Complaint," but the footer on the first page of the Motion states "Joint Motion to Extend Time."  Mot. at 1.  More confusing still, the footers on the remaining pages of the Motion state only "Motion to Extend the Deadline."  *Id.* at 2–3.  Additionally, the Motion is signed solely by Plaintiff's counsel, not Defendant's.  *See id.* at 3.  If, however, Plaintiff's Motion was filed *ex parte*, the Motion fails to comply with Civil Local Rule 83.3(g)(2).  The Court expects greater diligence, and full compliance with procedural rules, from Plaintiff going forward.

can cause, and as Plaintiff's request could have been raised earlier and follows repeated delays, the Court is disinclined to grant Plaintiff the full sixty-days he seeks.

To that end, the Court **GRANTS** Plaintiff's Motion to Extend Plaintiff's Time to File Amended Complaint (ECF No. 13). Plaintiff **MAY FILE** an amended complaint <u>on or before January 4, 2024</u>. Absent extraordinary circumstances, no further extensions shall be granted. Further, the Court reminds Plaintiff that, should he fail to file an amended pleading in accordance with this Order, the Court will enter a final order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

**IT IS SO ORDERED.**

Dated: November 29, 2023

Hon. Janis L. Sammartino
United States District Judge