UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT B. SHIELDS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DOLLAR TREE, INC.,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 23-CV-925 JLS (BLM)<br><br>**ORDER REGARDING PLAINTIFF'S FAILURE TO FILE AN AMENDED COMPLAINT** |

　　　　Plaintiff Robert B. Shields has repeatedly failed to meet deadlines in this case. First, Plaintiff failed to serve Defendant Dollar Tree, Inc., within the ninety-day period required by Federal Rule of Civil Procedure 4(m). *See generally* Docket. Plaintiff did not request an extension until this Court ordered him to explain his noncompliance. *See* ECF Nos. 3, 4. The Court granted that request, *see* ECF No. 5, and the case eventually proceeded when Defendant filed a Motion to Dismiss ("MTD," ECF No. 7) pursuant to Federal Rule of Civil Procedure 12(b)(6).

　　　　The Motion to Dismiss was set for a hearing on November 8, 2023, MTD at 1, meaning Plaintiff's opposition was due by October 25 pursuant to Civil Local Rule 7.1(e). But October 25 came and went without a word from Plaintiff. Indeed, Plaintiff did not respond even after the Court noted—when taking the matter under submission—that the Motion remained unopposed. *See* ECF No. 11. Consequently, on November 16, the Court

granted the unopposed Motion to Dismiss pursuant to Local Rule 7.1(f)(3)(c) and gave Plaintiff two weeks to file an amended complaint. *See* ECF No. 12.

On November 27, Plaintiff delayed this case further by asking the Court to extend his deadline to amend by sixty days. *See* ECF No. 13. Plaintiff—who is represented by counsel—gave the excuse that he "didn't realize that [he] should respond to Defendant's [Motion to Dismiss] within 14 days." *Id.* at 1. But as the Court noted, "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered." *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004). Plaintiff also claimed he needed an extension to seek new counsel. *See* ECF No. 13 at 2. The Court viewed that argument skeptically as Plaintiff could have raised it much earlier.[1] *See* ECF No. 14 (the "Order") at 3–4. Nevertheless, the Court granted Plaintiff the bulk of the extension he sought, giving him until January 4, 2024, to file his amended complaint. *See id.*

Plaintiff has now missed his deadline to amend once again, leaving the Court inclined to dismiss this case with prejudice. A court may dismiss an action for failing to comply with a court order if a plaintiff fails to amend his complaint after said complaint is dismissed with leave to amend. *See Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). Under Federal Rule of Civil Procedure 41(b), such a dismissal "operates as an adjudication on the merits" unless the Court specifies otherwise. Before dismissing an action on those grounds, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish*, 191 F.3d at 990

---

[1] Plaintiff had previously communicated with Defendant about continuing the Motion to Dismiss hearing, citing Plaintiff's wish to employ new counsel. *See* ECF No. 13 at 2. But that exchange occurred on November 1, which was (1) the same day the Court vacated the hearing and pointed out that Plaintiff had failed to oppose the Motion to Dismiss, *see* ECF No. 11; (2) fifteen days before the Court granted the Motion to Dismiss, *see* ECF No. 12; and (3) a full twenty-six days before Plaintiff filed the extension request, *see* Order. Plaintiff made no attempt to explain why he waited nearly a month to move for an extension.

(quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). The Court suspects the factors weigh heavily in favor of dismissal here.

However, a district court cannot dismiss an action for failure to file an amended complaint as a Rule 41(b) sanction unless the court previously "mandate[d] the filing of an amended complaint" and "indicate[d] that failure to do so would result in dismissal . . . pursuant to Rule 41(b)." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 892 (9th Cir. 2019). In its prior Order, the Court explicitly cautioned Plaintiff that, "should he fail to file an amended pleading" by January 4, "the Court [would] enter a final order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment." Order at 4 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005)). The Court acknowledges, though, that its warning neither named Rule 41(b) nor stated that a dismissal could be with prejudice. Further, the Court wrote that Plaintiff "MAY FILE" an amended complaint, which could be read to allow—but not require—Plaintiff to amend his pleading. *See Applied Underwriters*, 913 F.3d at 891 (reversing dismissal in part due to "the court's failure to cite Rule 41(b)" and "the permissive wording of its orders" (quoting *Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1150 (9th Cir. 2016) (Graber, J., dissenting))).

Accordingly, while Plaintiff has tested the outer limits of this Court's patience, the Court will provide Plaintiff with a final opportunity to prosecute his case. <u>Within seven (7) days</u> of the date of this Order, Plaintiff either **(1) SHALL FILE** an amended complaint, <u>or</u> **(2) SHALL INDICATE** to the Court that he will not do so. If Plaintiff chooses the second option, the Court will convert the dismissal of Plaintiff's Complaint into a dismissal of the entire action under Federal Rule of Civil Procedure 12(b)(6), *not* 41(b).[2]  *See Lira*, 427 F.3d. at 1169 ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint

---

[2] One important difference between dismissals under Rules 12(b)(6) and 41(b) is the standard of review on appeal. *See Applied Underwriters*, 913 F.3d at 890 (explaining Rule 12(b)(6) dismissals are reviewed *de novo*, while Rule 41(b) dismissals are reviewed for abuse of discretion).

into dismissal of the entire action."). ***Failure to select either of the above options will result in the dismissal of this action pursuant to Rule 41(b)***. *See id.*; *Applied Underwriters*, 913 F.3d at 891–92. The Court cautions Plaintiff that such a dismissal may be with prejudice. *See id.*; *Yourish*, 191 F.3d at 989–990; Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated: January 16, 2024

*[signature]*
Hon. Janis L. Sammartino
United States District Judge