UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT B. SHIELDS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DOLLAR TREE, INC.,<br><br>    Defendant. | Case No.: 23-CV-925 JLS (BLM)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)** |

As recounted in the Court's January 16, 2024 Order ("Order," ECF No. 15), which the Court incorporates by reference here, Plaintiff Robert B. Shields has repeatedly failed to meet deadlines in this case. In short, Plaintiff (1) failed to serve Defendant Dollar Tree, Inc. in a timely manner as required by Federal Rule of Civil Procedure 4(m), *see* ECF No. 3; (2) neglected to respond to Defendant's Motion to Dismiss ("Mot.," ECF No. 7), though the Court pointed out to the Parties that the Motion remained unopposed, *see* ECF No. 11; (3) requested—without providing much of an excuse for further delay—an extension of time to file an amended complaint several weeks after he learned such an extension was needed, *see* ECF Nos. 13, 14; and (4) missed the extended deadline the Court granted him, *see* Order at 2. Most recently, the Court *sua sponte* granted Plaintiff yet another extension to file an amended complaint despite Plaintiff's continued failure to meet his deadlines or communicate with the Court. *See id.* at 2–3.

In granting the latest extension, the Court reminded Plaintiff that courts may dismiss an action for failing to comply with a court order if a plaintiff fails to amend his complaint after said complaint is dismissed with leave to amend. *Id.* at 2 (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999)).  The Court also warned Plaintiff that failure to timely file his amended complaint—or communicate to the Court that he does not intend to do so—in compliance with the Order would likely "***result in the dismissal of this action pursuant to [Federal] Rule [of Civil Procedure] 41(b).***" *Id.* at 3.  The Court explained that, under Rule 41(b), such a dismissal "operates as an adjudication on the merits" unless the Court specified otherwise. *See id.* at 2.

As Plaintiff has again failed to comply with the Court's Order requiring him to file an amended complaint, the Court proceeds to determine whether to dismiss Plaintiff's case under Rule 41(b).  Before dismissing the action on that ground, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the risk of prejudice to the defendant[]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The first and fourth factors cut in opposite directions. *See Yourish*, 191 F.3d at 990 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating the fourth factor weighs against dismissal).  The Court thus considers the substance of factors two, three, and five.

As to the second factor, the Court notes Plaintiff—who is represented by counsel—has received multiple opportunities to prosecute his case and ample warning from the Court regarding the consequences of not doing so.  The Court must manage its docket to ensure the efficient provision of justice and cannot keep waiting for Plaintiff to act.  Additionally, Plaintiff has not tried to excuse his recent failures to timely file an amended complaint.  This factor thus weighs in favor of dismissal. *See, e.g.*, *Verdugo v. Cohen*, 430 F. App'x 592, 593 (9th Cir. 2011) (affirming dismissal where a court dismissed a

complaint "with leave to amend, warned [the plaintiff] that failure to amend would result in dismissal of his action, and provided him with ample opportunity to submit a second amended complaint, but [the plaintiff] failed to do so").

The third factor, which considers the prejudice to a defendant that results from a plaintiff's inaction, also favors dismissal. *See Malone v. U.S.P.S.*, 833 F.2d 128, 131 (9th Cir. 1987). Under this factor, "the risk of prejudice . . . is related to [Plaintiff's] reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. Where, as here, a plaintiff fails to provide any excuse for his conduct or contact the Court regarding said failure, this factor weighs in favor of dismissal. *See, e.g.*, *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009).

In assessing the fifth factor, "the Court considers whether alternatives less drastic than dismissal are feasible given the circumstances of the case." *Toussaint v. Dronenburg*, No. 23-CV-0256-BAS-WVG, 2023 WL 5353684, at *2 (S.D. Cal. Aug. 21, 2023). And notably, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (quoting *Malone*, 833 F.2d at 132–33), *as amended* (May 22, 1992). In this case, the Court has repeatedly warned Plaintiff that failure to file an amended complaint could result in dismissal of the entire action. *See* ECF No. 12 at 4; ECF No. 14 at 4; Order at 4. And the Court's last warning explicitly cautioned Plaintiff that said dismissal would take the form of a Rule 41(b) sanction. *See id.* This factor thus also favors dismissal.

## CONCLUSION

Finding that the *Ghazali* factors and the circumstances of this case weigh heavily in favor of dismissal, the Court **DISMISSES** this action **WITH PREJUDICE** pursuant to Rule 41(b) based on Plaintiff's failure to comply with the Court's Order. *See, e.g.*, *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff . . . to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with . . . a Rule 41(b) dismissal."); *see*

1  *also Wilson v. Mount Diablo Unified Sch. Dist.*, No. 18-CV-03973-JD, 2018 WL 4373056,
2  at *1 (N.D. Cal. Sept. 12, 2018) (dismissing action with prejudice pursuant to Rule 41(b)
3  for "plaintiff's failure to amend his complaint in a timely manner").  As this concludes the
4  litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  January 24, 2024

Hon. Janis L. Sammartino
United States District Judge